Filed 5/18/22  P. v. Harris CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MYRON SINCLAIR HARRIS,<br><br>    Defendant and Appellant. | F083196<br><br>(Super. Ct. No. F21903440)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

Appointed counsel for defendant Myron Sinclair Harris asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On February 12, 2021, defendant drove a vehicle off a dealership lot as he and a salesman were preparing to test drive it. The vehicle was worth between $44,000 and $48,000. The vehicle's tracking device allowed the police to recover the vehicle at an apartment complex. Defendant was found and arrested about two weeks later.

Defendant testified in his defense that he had completed the paperwork and bought the vehicle with another salesman, and the salesman who testified against him was never even present. Defendant did not produce the paperwork at trial.

On July 8, 2021, the Fresno County District Attorney filed a first amended consolidated information charging defendant with vehicle theft (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen vehicle (Pen. Code, § 496d, subd. (a);[1] count 2), and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (b); count 3). The information further alleged defendant had suffered a prior conviction for vehicle theft (§ 666.5) and a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).[2]

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] The information also charged two other counts from another case, but those counts and count 3 were dismissed on motion of the prosecution.

On July 19, 2021, a jury found defendant guilty on count 1.[3]

On July 20, 2021, defendant raised a *Marsden*[4] motion for new counsel. Following a hearing, the trial court denied the motion. In a bifurcated proceeding, the trial court found true the allegations that defendant had suffered a prior conviction for vehicle theft and a prior strike conviction.

On August 17, 2021, the trial court sentenced defendant to the midterm of six years (three years, doubled pursuant to the Three Strikes law). The court awarded custody credits and imposed various fines and fees.

On August 18, 2021, defendant filed a notice of appeal.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant. Although defendant complained at trial that he was represented ineffectively and treated unfairly, both defense counsel and the trial court carefully and thoroughly refuted these allegations with a detailed record.

## DISPOSITION

The judgment is affirmed.

---

[3] The jury was instructed that counts 1 and 2 were alternative counts and the jury should return a verdict on only one of the counts. The trial court subsequently dismissed count 2.

[4] *People v. Marsden* (1970) 2 Cal.3d 118.